WOOLF *v.* WOOLF.

1. DIVORCE — CHILDREN — CUSTODY — SUPPORT — ORDER — MOD-
IFICATION OF JUDGMENT.

> The court may, upon the petition of either parent, revise and
> alter its judgment concerning the care, custody and maintenance
> of children (CL 1948, § 522.17).

2. SAME—CHILD—SUPPORT—RESPONSIBILITY—RES JUDICATA.

> Responsibility of divorced father to support child not legally
> adopted by the parties cannot be contested 2 years after divorce
> when an order for child support is reinstated after being ter-
> minated by mutual consent of the parties but without approval
> of the court, since the issue of responsibility to support was
> an issue in the divorce action and father represented to the
> world she was his daughter, he maintained to her she was his
> daughter, and he informed the court by failure to deny the
> allegation and by his approval of the divorce judgment that
> she was his daughter and he would support her, the judgment
> of divorce being *res judicata* in this matter.

Appeal from Ottawa; Smith (Raymond L.), J.
Submitted Division 3 November 9, 1967, at Grand
Rapids. (Docket No. 2,778.) Decided March 22,
1968.

Bill of complaint for divorce by Melvin Woolf
against Christina Woolf. Defendant counterclaimed

REFERENCES FOR POINTS IN HEADNOTES

[1] 24 Am Jur 2d, Divorce and Separation § 812.
[2] 24 Am Jur 2d, Divorce and Separation § 876 *et seq.*

for divorce against plaintiff. Divorce granted on counterclaim. Plaintiff appeals. Affirmed.

*Stribley & Rude,* for plaintiff.

*Scholten & Fant,* for defendant.

LESINSKI, C. J. Melvin Woolf, as plaintiff, brought a divorce action against Christina Woolf, the defendant, who filed a counterclaim for divorce. Judge Raymond Smith entered judgment of divorce on the counterclaim, finding that the plaintiff had been guilty of extreme and repeated cruelty. The judgment ordered that the defendant "shall have the care, custody and control of the minor child of the parties hereto, to wit: Susie Woolf, born December 11, 1953, until said child attains the age of eighteen years or until the further order of this court." The judgment further ordered the plaintiff to contribute $20 per week toward Susie's support.

The defendant, Christina Woolf, petitioned Judge Smith, on May 12, 1966, for reinstatement of the order of support which was terminated by mutual consent without approval of the court. The petition was granted.

The plaintiff contests on this appeal the issue of his responsibility to support Susie. But that issue is *res judicata.* The question was put in issue between the parties by their pleadings and by their arguments in the divorce action, from which no appeal was taken. Although a judgment providing for the support of a minor child is open to modification, CL 1948, § 552.17 (Stat Ann 1957 Rev § 25.97), the question plaintiff would argue relating to his responsibility to support Susie has been decided and cannot now be relitigated. Judge Smith, reinstating the order of support, said in his opinion:

"These parties were divorced by judgment of this Court on October 30, 1963.   *   *   *

"On November 30, 1964, these parties waived visitation rights in the child and future support payments with the consent of the friend of the court. At the time of the waivers cross-plaintiff had remarried and was living with her second husband. Subsequently cross-plaintiff obtained a divorce from her second husband and now petitions this court for the reinstatement of the support of Susie Woolf as provided in the judgment.

"Cross-defendant claims, and the facts are, that these parties never legally adopted Susie. Susie came into their home at the age of three days and these parties have considered her and treated her as an adopted daughter up to the time of their separation.   *   *   *

"We are not here dealing with a chattel but with the rights of a human being. For almost 10 years Susie Woolf had the security of a home and the promise of two people that she would be their daughter.   *   *   *   Custody is not in issue. The right to support is the issue.

"Cross-defendant represented to the world that Susie was his adopted daughter, he maintained to her that she was his daughter, and finally he informed the court, by his failure to deny the allegation and by his approval of the divorce judgment, that she was his daughter and he would support her. Assuredly this estops him from denying her support during her dependency. The court so holds."

It is unnecessary to consider the other arguments plaintiff makes since the essential determination on which the reinstatement of the court order to contribute toward Susie's support depends is *res judicata*.

Affirmed.

BURNS and HOLBROOK, JJ., concurred.